**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAWRENCE PETERSON, | |
|         Petitioner, | Civil No. 05-3150 (WGB) |
|     v. | |
| ALFARO ORTIZ, et al., | **OPINION** |
|         Respondents. | |

**APPEARANCES:**

    Lawrence Peterson, Petitioner <u>Pro</u> <u>Se</u>
    #70244
    East Jersey State Prison
    Lockbag R/3-W-105
    Rahway, NJ 07065

    Lisa A. Puglisi
    Deputy Attorney General
    R.J. Hughes Justice Complex
    25 Market Street, Box 112
    Trenton, NJ 08625
    Attorney for Respondents

**BASSLER, Senior District Judge**

    This matter is before the Court on petitioner Lawrence Peterson's application for habeas corpus relief, pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

**BACKGROUND**

Petitioner, Lawrence Peterson, is a state prisoner presently confined at the East Jersey State Prison in Rahway, New Jersey, pursuant to a state court judgment of conviction. On August 4, 1981, Petitioner was sentenced to a 4-year sentence for arson. On November 9, 1983, Petitioner was sentenced to a 30-year prison term for murder.[1]

Petitioner filed this federal habeas petition on or about June 21, 2005, challenging his prison sentence on the grounds that the Ex Post Facto Clauses of the New Jersey and United States Constitution were violated.[2] Petitioner argues that the Department of Corrections ("DOC") recognizes that he is entitled to 3871 days commutation credits and 1166.7 days work credits; however, the DOC has "refused to apply these credits to the term, reasoning that the term imposed is a mandatory term of imprisonment." Petitioner argues that the term did not become a

---

[1] Petitioner was sentenced pursuant to N.J.S.A. 2C:11-3(b)(1), which states that if a person is convicted of murder and is not sentenced to the death penalty, he is to be sentenced to thirty years of imprisonment, or a term between thirty years to life imprisonment, thirty years of which he shall not be eligible for parole. New Jersey state courts have held a person convicted of murder is not eligible for release from prison prior to thirty years of incarceration. See Merola v. Dep't of Corrections, 285 N.J. Super. 501 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996).

[2] To the extent that Petitioner challenges state law, such claim is not cognizable in this petition under § 2254.

"mandatory" term until the applicable statute was amended in 2000 to exclude the applicability of custody credits.

The State answered the federal habeas petition on March 7, 2006.  First, the State contends that the petition should be dismissed because the claims are unexhausted.  Second, the State argues that Petitioner is not entitled to immediate release because commutation and work credits cannot serve to reduce a mandatory-minimum term pursuant to N.J.S.A. 40:123.51a.  Finally, the State contends that there was no ex post facto violation because the statute restricting the application of commutation and work credits to reduce a mandatory minimum term was in effect at the time Petitioner committed his crime.

## DISCUSSION

**A.   Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts.  See

Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. The statute reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1). The Court analyzed subsection 1 as two clauses: the "contrary to" clause and the "unreasonable application" clause. The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. A federal court may grant the writ under the "unreasonable

application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. See id. at 411; see also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir.), cert. denied, Matteo v. Brennan, 528 U.S. 824 (1999). Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record. See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001). In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations. See id. Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the

state court." Id.; see also 28 U.S.C. § 2254(e)(1).  The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence.  See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)).  "A finding that is well-supported and subject to the presumption of correctness is not unreasonable."  Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

**B.   Petitioner's Claims Lack Merit.**[3]

The Court liberally construes Petitioner's claims as alleging a violation of the Due Process and Ex Post Facto clauses of the United States Constitution.[4]  Essentially, Petitioner

---

[3] Respondents argue that Petitioner's claims are unexhausted.  To the extent that the claims in this petition were not fully presented to the highest state court, the Court will nevertheless review the claims under its discretion pursuant to 28 U.S.C. § 2254(b)(2)("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"), because they are clearly without merit.  See Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997) (district court may deny federal habeas petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), when "it is perfectly clear that an applicant does not raise even a colorable federal claim"); Duarte v. Hershberger, 947 F. Supp. 246 (D.N.J. 1996).

[4] The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); Duarte v. Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999).

seeks immediate release based on his assertion that commutation and work credits were not applied to his sentence pursuant to the statutes in existence at the time he was sentenced. The State counters that the existing law at the time was applied, and that law did not permit commutation and work credits to be applied to mandatory minimum sentences.

1. Ex Post Facto Claim

The Court first addresses Petitioner's contention that the State's denial of commutation and work credits to reduce his sentence violates the Ex Post Facto Clause.

The Ex Post Facto Clause of the U.S. Constitution bars any "enactments, which by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-50 (2000) (citations omitted) (emphasis added). A changed agency policy can violate the Ex Post Facto Clause if it has the effect of changing substantive law. See Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979); U.S. ex rel. Forman v. McCall, 709 F.2d 852, 859-63 (3d Cir. 1983), on appeal after remand, 776 F.2d 1156, 1163-64 (3d Cir. 1985), cert. denied, 476 U.S. 1119 (1986); Blair-Bey v. Quick, 159 F.3d 591, 592 (D.C. Cir. 1998).

---

Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

Here, Peterson was convicted in 1981 and 1983. The sentences were imposed pursuant to convictions adjudicating violations of N.J.S.A. 2C:12-1b(5)(arson) and N.J.S.A. 2C:11-3a (murder). There can be no dispute that Title 2C applies to Petitioner's offenses which appear to have been committed subsequent to the effective date of Title 2C on September 1, 1979.

However, Petitioner does not quarrel with the sentences as they were imposed; rather, he argues that the State is not applying commutation and work credits to his sentence to reduce his term of imprisonment. Petitioner argues that the State is applying a statute restricting the application of commutation and work credits to his mandatory minimum prison term, which was enacted, or amended, after he was sentenced.

This allegation is wholly inaccurate. The law applicable at the time Petitioner was sentenced (and at the time he committed the offenses for which he was convicted) unambiguously prohibits the reduction of mandatory minimum sentences through the application of commutations and work credits. See N.J.S.A. 40:123.51a; Merola v Department of Corrections, 285 N.J. Super. 501, 509-510 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996). Specifically, N.J.S.A. 40:123.51a provides: "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits shall only be awarded subsequent to the expiration of that term."

8

Thus, while N.J.S.A. 30:4-140 and 30:4-92 permit inmates to accrue credits for continuous good behavior and productive work while in prison that may reduce their sentences, such credits can not be applied to reduce mandatory minimum sentences. See N.J.S.A. 30:4-123.51. This statute is a part of the Parole Act of 1979, N.J.S.A. 30:4-123.45 to .69, in effect and applicable at the time Petitioner was convicted and sentenced for the crimes. Therefore, the Court finds Petitioner's claim of an ex post facto violation to be completely without merit.

2.   Petitioner Is Not Entitled to Commutation and Work Credits

Petitioner's claim for immediate release based on application of work and commutation credits also must be denied for lack of merit. Liberally construing the petition, Petitioner claims that the State's refusal to apply commutation and work credits to his entire prison term violates his rights to due process and equal protection.

As mentioned above, Petitioner was sentenced to mandatory minimum prison term totaling 30 years. This mandatory minimum term cannot be reduced by commutation and work credits as expressly mandated by state statute, N.J.S.A. 40:123.51a. See Merola, 285 N.J. Super. at 507-515. In Merola, the state appellate court found that the State Legislature had "enacted unambiguous statutes prohibiting the reduction of mandatory minimum sentences through the application of commutation and work

9

credits." 285 N.J. Super. at 509 (referring to both N.J.S.A. 30:4-123.51 and N.J.S.A. 2C:11-3b, which imposes a 30-year mandatory minimum sentence on non-capital murders).

The court also held that Merola did not have a constitutionally-protected liberty interest in reducing his mandatory minimum sentence under the Due Process Clause of the New Jersey and United States Constitutions. See Merola, 285 N.J. Super. at 512-514. In particular, the court relied on United States Supreme Court precedent holding that there is no federal constitutional right to good time (or commutation) credits. See id. at 513 (*citing* Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Further, there is no federal constitutional right guaranteeing a prisoner the right to work during his incarceration. See Johnson v. Fauver, 559 F. Supp. 1287, 1290 (D.N.J. 1983). Accordingly, the state court held that where an inmate has no federal constitutional right to receive commutation and work credits, correspondingly, he has no right to apply such credits "in contravention of a state statute requiring that an inmate serve a mandatory minimum term." Merola, 285 N.J. Super. at 513.

Finally, the court also rejected Merola's equal protection claim. The court held that the classification was not suspect, and that the State need show only a rational basis for its classification. See id. at 514 ("Clearly, a rational basis exists for distinguishing between inmates based on the severity

10

of the crimes committed"). Thus, the court found that the restricting statutes were rationally related to a legitimate government interest. See id. at 514-15.

Therefore, based on the clear mandate of the New Jersey State Legislature, this Court finds that Petitioner's mandatory minimum prison term of 30 years cannot be reduced by commutation and work credits, and he is not entitled to release from prison earlier than mandated by the imposed sentence. Moreover, the State's refusal to apply commutation and work credits to reduce Petitioner's 30-year mandatory prison term does not violate Petitioner's rights to due process or equal protection. Petitioner's claim for immediate release on these grounds is denied for lack of merit.

Thus, Petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, the petition for a writ of habeas corpus will be denied.

**C.   Certificate of Appealability**

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate

Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims advanced by Petitioner demonstrates that he failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue. Thus, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## **CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner's § 2254 habeas petition should be denied on the merits. A certificate of appealability will not issue. An appropriate Order accompanies this Opinion.


                                    /S/ WILLIAM G. BASSLER
                                    WILLIAM G. BASSLER, Senior Judge
                                    United States District Court


DATED: 30 May 2006